## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRISTOPHER QUINN,

     Plaintiff,

     v.

HI TECH INTERIORS,

     Defendant.

Case No. 21-2488-JWB-RES

## MEMORANDUM AND ORDER

This is an employment discrimination case in which Plaintiff Christopher Quinn ("Quinn") seeks leave to amend his complaint to correct Defendant's name and to assert a cause of action for retaliatory discharge for filing a workers compensation claim.  ECF No. 15.  Defendant Hi-Tech Interiors ("Hi-Tech")[1] does not oppose Quinn's request to assert a retaliatory discharge claim. Therefore, the Court grants this aspect of Quinn's motion as unopposed.  Hi-Tech does, however, oppose Quinn's request to drop "Hi-Tech Interiors" as the party defendant and instead name "Skyway Group, Inc., d/b/a Hi-Tech Interiors, Inc."  For the reasons explained below, the Court grants the remainder of Quinn's motion on its merits.

## I.     BACKGROUND

Quinn filed this case on October 25, 2021, asserting employment claims against Hi-Tech. *See* ECF No. 1.  According to the complaint, Quinn began working for Hi-Tech on or about June

---

[1]     The Court notes that the Complaint named Defendant as "Hi Tech Interiors."  ECF 1 at 1.  Plaintiff's Motion for Leave added a hyphen to "Hi-Tech Interiors" in the case caption, ECF No. 15, and the proposed amended complaint refers to "Hi-Tech Interiors, Inc."  ECF No. 15-1.  Defendant refers to itself as "Hi-Tech Interiors, Inc." in its response.  ECF No. 19.  The Court has included the hyphen throughout this Order.

2, 2014.  *Id.* at ¶ 12.  Quinn alleges that in June 2019, he suffered permanent lung damage as a result of spraying fireproof covering while working on a project at Lawrence Memorial Hospital. *Id.* at ¶¶ 24-28.  Quinn alleges he experienced chest pains, severe shortness of breath, coughing, and lightheadedness at other job sites.  *Id.* at ¶¶ 39-69.  On February 2, 2021, he was sent to a job site for drywall patching, but there were epoxy fumes in the building.  *Id.* at ¶ 69.  Quinn states that he was instructed to go home because there was nothing more he could do at that site.  *Id.* at ¶ 70.  Three weeks later, his employer terminated his employment.  *Id.* ¶ 71.

Quinn asserts claims for: unlawful age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") (Count I); unlawful disability discrimination under the Americans with Disabilities Act ("ADA") in that Hi Tech failed to offer a reasonable accommodation (Count II) and engaged in unlawful disability discrimination (Count III); and unlawful retaliation in violation of the ADA (Count IV).  Hi-Tech generally denies Quinn's claims and alleges that any employment actions taken were taken for legitimate, non-discriminatory and non-retaliatory reasons.  *See generally* ECF No. 24.

Prior to filing this case, Quinn filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  *See* ECF No. 1-1.  Quinn attached to his complaint the right-to-sue letter issued by the EEOC and Quinn's administrative charge of discrimination.  *Id.*  Quinn's administrative charge identifies his employer only as "Hi Tech Interiors."  *Id.* at 2.  The right-to-sue letter, however, indicates that the EEOC sent a copy of the right-to-sue letter to "Tracey Simons, Human Resources Representative" at "Skyway Group, Inc., 5006 Skyway Drive, Manhattan, KS 66503," the same address Quinn's complaint lists for Hi-Tech.  *See* ECF No. 1 at 1; ECF No. 1-1 at 1.

Quinn timely filed a motion to amend his complaint on February 28, 2022, the deadline set in the Scheduling Order. *See* ECF No. 11 at 9. Quinn seeks leave to amend to name what he contends is the proper defendant, substituting "Hi Tech Interiors" for "Skyway Group, Inc. d/b/a Hi-Tech Interiors, Inc.," ("Skyway") and Quinn also seeks to assert a Kansas common law claim for retaliatory discharge for filing a workers compensation claim (Proposed Count V). Hi-Tech does not oppose Quinn's request to assert a retaliatory discharge claim, and so the Court grants this portion of the motion as unopposed. Hi-Tech does oppose Quinn's request to amend to name Skyway, arguing that it is a separate and distinct legal entity from Hi-Tech and was not Quinn's employer or a respondent to Quinn's EEOC charge. ECF No. 19 at 1. Quinn did not file a reply brief that could have addressed these issues.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further instructs that courts should "freely give leave when justice so requires." *Id.* "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). A court may deny a motion to amend on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Although Hi-Tech does not explicitly state that it opposes the amendment on futility grounds, the Court understands Hi-Tech's arguments to fall into this category. A "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 521 F.3d 1278, 1288 (10th Cir. 2008). The futility analysis is often the functional equivalent of the analysis undertaken in resolving a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).[2] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether dismissal is appropriate, the Court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). The party opposing a motion to amend on futility grounds bears the burden to establish futility of the amendment. *Hills v. Arensdorf*, No. 20-4037-EFM, 2020 WL 12967771, at *1 (D. Kan. Dec. 1, 2020).

## III.   DISCUSSION

Hi-Tech raises two futility arguments. *First*, Hi-Tech argues that it is a separate and distinct corporate entity from Skyway. High-Tech argues that Skyway was never Quinn's

---

[2]      The Court is not necessarily limited to a Rule 12(b)(6) analysis when evaluating whether the amendment is futile. *See Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001) (stating that "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment."); *see also Street v. Curry Bd. of Cty. Comm'rs*, No. CIV06-0776JB/KBM, 2008 WL 2397671, at *13 (D.N.M. Jan. 30, 2008) (acknowledging that the Tenth Circuit has applied both a motion-to-dismiss and a summary-judgment analysis to the futility inquiry and concluding that the court must also consider the stage of the case and whether discovery is complete when determining whether to allow amendments to the pleadings).

employer and Skyway was not responsible for any of the acts or omissions alleged in the complaint.  *Second*, Hi-Tech argues that because Quinn did not name Skyway as a respondent in his EEOC charge, he is foreclosed from now naming Skyway as a party defendant.  Hi-Tech fails to carry its burden of establishing the futility of the proposed amendment on either ground.

### A.       Skyway as Quinn's Employer

Quinn's employment discrimination and proposed retaliatory discharge claims are premised on his employment relationship with his employer.  *See, e.g.,* 42 U.S.C. § 12111 ("covered entity" under the ADA "means an employer, employment agency, labor organization, or joint labor-management committee"); 29 U.S.C. § 623 (specifying unlawful actions by an employer under the ADEA); *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (summarizing elements of a Kansas common law retaliatory discharge claim, including that the employer terminated the plaintiff's employment).  Without citing to any specific portions of the proposed amended complaint, Hi-Tech argues that Quinn has not alleged that Skyway is his employer or that Skyway acted as Hi-Tech's agent with respect to its employment decisions related to Quinn's work or subsequent termination.

The proposed amended complaint expressly addresses the employment relationship between Quinn and Skyway.  It states:

> Defendant Skyway Group, Inc., d/b/a Hi-Tech Interiors, Inc., hereinafter referred [to] as "Defendant Company" is an employer engaged in an industry affecting commerce, and, upon information and belief, employs more than 100 regular employees. Defendant Company is a corporation, (containing within its charter the requisite authority to sue and be sued), and does business in this judicial district, doing business at various locations located within Riley County, Kansas, at relevant times referred to herein, and specifically at 5006 Skyway Dr., Manhattan, KS 66503.  Defendant Company is an employer within the meaning of 42 U.S.C. § 2000e *et. seq.* and 42 U.S.C. § 1981a *et seq.*

ECF No. 15-1 at ¶ 10.  Quinn further alleges that he "began working for Defendant Company [Skyway] on or about June 2, 2014.  *Id.* at ¶ 12.  Accepting Quinn's factual allegations as true and viewing them in the light most favorable to him, Quinn has pleaded that Skyway was his employer. These allegations are sufficient at this stage of the litigation.

Hi-Tech's disagreement with Quinn's allegations does not carry its burden.  Hi-Tech argues that Skyway and Hi-Tech have separate articles of incorporation and file separate annual reports.  Hi-Tech also argues that Quinn has not alleged that Skyway was responsible for Hi-Tech's wrongful acts, citing *Lockard v. Pizza Hut, Inc.*, 162 F.3d. 1062, 1070 (10 Cir. 1998), in support of its argument.  But Quinn has not alleged that Skyway was responsible for the wrongful acts of Hi-Tech.  Quinn has simply alleged that Skyway was his employer.

Moreover, *Lockard* underscores why employment cases in which a plaintiff may be employed by one or more entities are better decided on a more developed record.  *Lockard* involved consideration of multiple, fact-intensive tests to determine whether an employee of a Pizza Hut franchisee was also a Pizza Hut, Inc. employee.  *Id.* at 1071.  While the Tenth Circuit ultimately found that the plaintiff had failed to present sufficient evidence to show that Pizza Hut, Inc. was her employer, that decision came after a jury trial and the district court's denial of a motion for judgment as a matter of law.  *Id.* at 1066.  In other words, both parties had an opportunity to fully discover the claims and defenses and to present evidence regarding the relationship and degree of control between the entities.  In contrast, this Court is simply deciding whether Quinn should be allowed to plead the claims, not whether he can ultimately prove Skyway was his employer.  *See United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) ("In determining whether amendment is futile, the court does not attempt to rule on the merits of the proposed amended complaint, but rather reviews the proposed

amended complaint solely for the purpose of determining if action on the new claim would be futile.") (internal quotations omitted).   Those arguments are more appropriately raised in dispositive motion briefing.   In light of the allegations in the proposed amended complaint, Hi-Tech's arguments that Skyway was not Quinn's employer are insufficient at this stage to show that Quinn's proposed amendments render his claims futile.

     **B.**    **Exhaustion of Administrative Remedies as to Skyway**

     The ADEA and the ADA both require a plaintiff to exhaust administrative remedies before filing suit so that the employer receives fair notice of the alleged violation and the EEOC has an opportunity to conciliate the claim.   *Raymond v. Spirit Aerosystems Holdings, Inc.*, No. 16-1282-JWB, 2020 WL 4596862, at *6 (D. Kan. Aug. 11, 2020) (citing *Shikles v. Sprint/United Mgmt. Co.,* 426 F.3d 1304, 1317 (10th Cir. 2005) (noting ADEA requirement), *overruled in part by Lincoln v. BNSF Ry. Co.,* 900 F.3d 1166, 1185 (10th Cir. 2018); *Jones v. U.P.S., Inc.,* 502 F.3d 1176, 1183 (10th Cir. 2007) (ADA requires exhaustion); *Jones v. Needham,* 856 F.3d 1284, 1290 (10th Cir. 2017) (describing the purpose of the exhaustion requirement)).   Failure to exhaust administrative remedies is an affirmative defense that the Court may consider under a Rule 12(b)(6) standard, not as a jurisdictional prerequisite to a suit.   *See Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1850, 204 L. Ed. 2d 116 (2019) (Title VII's requirement of filing an administrative charge is a defense and not jurisdictional); *Lincoln v. BNSF Ry.*, 900 F.3d 1166, 1185 (10th Cir. 2018) ("[A] plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim."); *VanHorn v. United States Postal Serv.*, No. 21-1067-DDC-GEB, 2022 WL 226276, at *4 (D. Kan. Jan. 26, 2022) (stating that the court analyzes administrative exhaustion under Rule 12(b)(6) rather than Rule 12(b)(1)).

Here, Hi-Tech argues that because Quinn did not name Skyway in his EEOC charge, he is barred from asserting any employment claims against Skyway in this action.  ECF No. 19, at 1-2. Although Hi-Tech is correct that the plaintiff generally must name a party in the administrative charge to later assert employment discrimination claims against that party, the omission of a party's name does not always require dismissal of subsequent employment claims.  *See Gilmore v. List & Clark Const. Co.*, 862 F. Supp. 294, 297 (D. Kan. 1994) (dismissal of Title VII claims "is not mandated when the plaintiff has informally referred to the defendant in the charge or when there is a sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation") (internal quotations omitted).  Rather, the Court generally considers four factors to determine whether an unnamed party may be named in a subsequent suit:

> (1) whether the unnamed party's role could be ascertained by the complainant through 'reasonable effort' when the EEOC complaint was filed; (2) whether the interests of the named and unnamed parties are 'so similar ... that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;' (3) whether the unnamed party's 'absence from the EEOC proceedings resulted in actual prejudice' to the unnamed party's interests; and (4) 'whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.'

*Abouelenein v. Kansas City Kansas Cmty. Coll.*, No. 18-2670-DDC-JPO, 2020 WL 1528500, at *7 (D. Kan. Mar. 31, 2020) (quoting *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980)).  The Court may consider additional factors depending on the facts of the case.  *Romero*, 615 F.2d at 1311.

The parties have not addressed these factors or how these factors specifically apply in these circumstances.  The limited record before the Court, however, shows at least some connection

between Skyway and Hi-Point and some involvement by Skyway in the EEOC investigation because the EEOC sent a copy of its right-to-sue letter to the human resources representative at "Skyway Group, Inc., 5006 Skyway Dr., Manhattan, KS 66503."  ECF No. 1-1 at 1.  This is the same address for Hi-Tech's resident agent.  *See* ECF No. 4 at 5 ("Hi-Tech admits that its Resident Agent's address is 5006 Skyway Dr., Manhattan, KS.").  The EEOC's reference that the letter was sent to Skyway indicates that there is at least some similarity of interests between Skyway and Hi-Tech and some awareness by Skyway of the EEOC proceedings.  Hi-Tech does not allege that Skyway was actually prejudiced from any absence from the EEOC proceeding.

Hi-Tech did not explain the relationship between Skyway and Hi-Tech in its response brief, but instead simply argued that the two are distinct corporate entities.  At this stage in the litigation, this alone does not carry Hi-Tech's burden to prove that the proposed amendments render Quinn's claims futile.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 15) is **GRANTED**.  Plaintiff shall file his Amended Complaint (ECF No. 15-1) in this case within two business days from the date of this order.

**IT IS SO ORDERED.**

Dated: April 6, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge